OPINION of the Court, by
Judge Bibb.
This cause came before the court upon an agreement to introduce into the record certain copies from public records, many of which were produced on the trial. Upon a petition for rehearing, a copy of Samuel Estill’s certificate, not before the court at the hearing, has been produced, differing from the location stated in the opinion. It now appears as follows; “ — —7th January, 178C-" *51 It appearing to the court that Samuel Estill’s location ⅛ in or near a military' claim, and he moves to locate the same on a branch of Glenn’s creek, on the south side thereof, adjoining Glenn’s claim, to include John Clarke's cabin, to join Patrick Dowline on the south side, and that a certificate issue accordingly.”
The near approach of, and fmall chafmbe. tween other fur. veys called for, renders the ab« fenceof Craig’s claim harmiefs. How to furrey the entry in this abfence of that-
The claims of Glenn and Dowline are not so exhibited by this record as to enable the court to fix the precise position of Estill, according to his certificate. But this much is apparent from the plat, that if Estill is put on the south side of Glenn's creek, and made to include Clarke’s cabin, the other calls of the certificate for Glenn or Dowline cannot reasonably so control the figure of Estill’s survey, but that John Craig’s 200 acres, adjoined to Estill on the “ southwest,” and “ running the same course for quantity,” will fill up the small chasm between Briscoe, assignee of Stewart, and the actual notorious. survey of Estillof if not, yet the call for Craig will be harmless, and not delusive, In the absence of Craig’s claim, enough remains to give a clear and certain entry for all the land in controversy.—(See Craig vs. Rogers, Har. 138—Morgan vs. Robinson, Pr. Dec. 269.) For such is the near approach, and such is the vacancy between Moffet, M’Crackin, Briscoe, assignee of Stewart, and Estill, as notoriously existing, by actual survey, at the date of the entry in question, that, no locator eould have reasonably doubted as to the residuum, nor have gone astray in search of Craig. This case therefore makes a clear exception from the cases of Cox vs. Smith, Craig vs. Machir, Ward and Kenton vs. Lee, assignee ofToung, and other cases of the like kind.
Disregarding the claim of Craig as for a claim either vague at best, or as not exhibited sufficiently in the present controversy, but yet as having no material bearing, in consequence of the relative positions of the other claims called for, the entry under consideration is yet good for all the land in controversy. After having arrived at the corner common to M’Crackin’s survey', and that of Briscoe, assignee of Stewart, represented on the plat by “ 13,” as in the former opinion is directed, the survey should run from thence along the line of said Briscoe’s survey, (as made in September, 1783, and afterwards carried into grant) and continuing the course thereof until it intersects the survey of said Estill, as *52 actually made and carried into grant; thence along the l'ine thereof to the northwest corner, and so forth, as in that opinion is expressed.
With tl>is exPlanation of the former opinion and decree, l^e court can discover no cause for a rehearing, and the petition is therefore overruled.