OPINION °f the Court, by
Judge LogaN.
The appellee exhibited his bill in chancery, for the recovery of land on the following entry :
“ 21st November 1786 — John Craig, assignee, enters 1000 acres of laild on part of a treasury warrant, No. &c. between and adjoining George Moffet, Cyrus M’-Cracken, Briscoe assignee of Stewart, John Craig and . Samuel Estill, on Glenn’s creek.”
The complainant has failed to exhibit the claim of John Craig called for in this entry. And it has been repeatedly determined, that the omission to exhibit the several objects of a location, is fatal, unless it should appear that their production could have no material effect, or that their absence should be so explained as to show that the call could not reasonably have misled a subsequent locator.
In the case of M'Cracken's heirs vs. Steele and Searcy, 1 Bibb 51, it was considered by the court in deciding «pon this entry, that the call for Craig was harmless and not delusive ; and that in the absence of Craig’s claim, enough remained to give a clear and certain entry for all the land in controversy.
But in that case the entry of Craig was exhibited ; and it depended on the location of Estill, and Estill on certain ob jects, such of which were shown that the court conceived the absent one, if exhibited, could not reasonably bo control the figure of his claim as that Craig’s entry, when adjoined thereto agreeably to its call, could produce any effect in that suit. The entry of Craig appears in the above recited case to be for 200 acres, depending on the « southwest” of Estill’s location.
But Estill’s claim had been for several years surveyed before the entry now in contest was made : so that the claim, as surveyed and patented, was held as answering the call of this entry. And his locatiqji was only necessary for the purpose of giving position to *576 Craig’s 200 acre entry ; which, when adjoined to thé “ southwest’’ of Estill. it was supposed could not reason-obi if be made to produce any effect upon the position of the entry in question.
In that case, then, Craig’s entry was exhibited ; in this it is not. There the court were enabled to see from its call that it could have no material bearing, as it must occupy the land on the southwest of Estill’s entry. But such are the principles of law, that we are bound to take no judicial notice of the facts of that case in forming our opinion in this. The decree must rest on the rec ord before us. This record shows nothing of Craig’s entry. It may be supposed to adjoin Estill as well on the northwest or the northeast as on the southwest j and thus would its position become important in the present contest.
We.are constrained, therefore, to declare the decree of the circuit court incorrect; to reverse the same, with costs, and to remand the cause with directions to dismiss the bill.