Judge Robertson,
delivered the opinion of the Court.
Alexander K. Marshall brought his suit in chancery against the plaintiffs in error, on thé following entry, on wh¿ch he had obtained a patent: i£June 16th, 1780, Col. Thomas Marshall enters 10,500 acres of land upon T. Wts. to begin at the end of two and a half miles east of Wm. May’s spring, where the said May’s settlement and pre-emption is located, then to run north, twenty-two degrees east, 1280 poles, and to extend from each end of said line, eastwardiy, for quantity.”
*354 The survey was made accurately, and the notoriety of the locative objects is clearly proved. But the evidence shows, that at the date of the entry, there were two springs, either of which would correspond with the call for May’s spring; and the proof in relation to each is nearly equiponderant. However, adopting either spring as the one intended by the entry, the boundary of two surveys would include a great deal of land common to both, and leave out very little, comparatively,
The entry being older than that under which the plaintiffs in error claim, the court decreed a conveyance to the defendant in error, by the plaintiffs in error, of their legal right to all the land embraced in their patent, which would be eovered equally by surveys of Marshall’s entry, beginning two and a half miles east from each spring.
The principle of this decree is arraigned by the plaintiffs in error. They insist that the uncertainty resulting from the existence of two objects so exactly corresponding with the call for May’s spring, renders the entry void. This would be true, if the two springs were so remote from each other, that surveys made to answer the call for either, would include no land common to each. For'then the call for one spring, (there being two, either of which would equally correspond with the call,) would he delusive to a subsequent locator. But this reason fails in this case. The springs' are so near to each other that a survey of 10,500 acres beginning (not at the spring) but two and a half miles from either spring, must necessarily include the same Sand, to a considerable extent. So far as surveys beginning two and a half miles from each spring, would include the same land, there could be no uncertainty, which could deceive a subsequent appropriator, any more than if there had been bu{*bhe spring. He would goto May’s Lick, (for this is within May’s settlement and pre-emption,) and if he should find two springs, and not be able to ascertain which was called for by Marshall, he would measure two and a half miles east from each, and finding that surveys from either point would include most of the same land, he would know that to the extent ©f the common area, the land was *355 appropriated, whether the one or the other was the spring designated by Marshall’s entry. And if he were a just or a prudent man, he would forbear to interfere. A vigilant man could not interfere, iy. The course, the distance, the quantity of the entry, would all be such infallible clues as to leave him no apology for mistake or delusion. So far, therefore, as the two surveys would embrace the same land, there can be no uncertainty which could render the entry void; and this point has been established by repeated adjudications of this court. See Morgan vs. Robinson, Pr. Dec. 269; Craig vs. Rogers, Hardin 138; M’Crackin’s heirs vs. Steele, 1 Bibb, 51; Smith vs. Harrow, Ib. 102; Marshall vs. Rough’s heirs, 2 Bibb, 631.
Brown and Reid, for plaintiff; Crittenden and J. J. Marshall, for defendants.
There is no error in the decree, therefore it is affirmed.